```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

ERIC JASON BELL,

                Plaintiff,

-against-

UNITED STATES OF AMERICA,

                Defendant.

```
----------------------------------------X
```

MEMORANDUM
AND ORDER
13-CV-05378(KAM)(RLM)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 04 2013 ★
BROOKLYN OFFICE

Matsumoto, United States District Judge:

Plaintiff, proceeding *pro se,* brings this action against the United States.[1] Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted solely for the purpose of this Order, and, for the reasons set out below, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Background**

Plaintiff has utilized the Court's sample form complaint to commence his action. His statement of claim states in its entirety:

> I would like to sue for all cla[i]ms I put in 10-27-11 which is two 11-28-11 w[h]ich is one 12-08-11 w[h]ich is one 12-28-11 w[h]ich is one and also 1-30-12 w[h]ich is two. No lawyer[r] want[s] to take my case because they are trying to hide the truth of me being assaulted by United States officials.

Complaint at III. Plaintiff seeks "four zillyen dollars cash" in damages. Complaint at IV.

In plaintiff's prior actions in this Court, *Bell v. Officer Morgan,* 11-CV-5354 (KAM)(RLM), *Bell v. Rikers Island,* 11-CV-5356 (KAM)(RLM), and *Bell v. Rikers Island Correctional Facility,* 13-CV-5431 (KAM)(RLM), filed on October 27 and 28, 2011 and November 1, 2011 respectively, plaintiff alleged constitutional violations related to his arrest on

---

[1] Plaintiff also filed a separate action against the same defendant on the same day. *See Bell v. United States of America,* 13-CV-5379 (KAM)(RLM).

1

September 17, 2005 and terms of imprisonment in 2004 and 2006. All three 42 U.S.C. § 1983 actions were dismissed as time-barred by Order dated January 27, 2012.

**Standard of Review**

Because plaintiff brings this action *pro se,* his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (internal quotation marks omitted); *accord Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009). A *pro se* complaint should not be dismissed "without granting [the plaintiff] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir.1999) (per curiam) (internal quotation marks and citation omitted).

Nonetheless, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

Under § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

2

An action is frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted).

**Discussion**

Plaintiff's complaint is vague. He references three dates in 2011 and one date in 2012 and alleges that he is "being assaulted by United States officials." As plaintiff has not described the harm caused or the relevant officials involved, the Court cannot discern a federal cause of action in the complaint. To the extent he refers to claims that have been previously dismissed, it is also unclear what cause of action, if any, plaintiff seeks to pursue. Therefore, the complaint is "frivolous" within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i) and must be dismissed. *See Livingston v. Adirondack Beverage Co.*, 141 F.3d at 437; *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (claim of "infringement of a legal interest which clearly does not exist" is example of an indisputably meritless legal theory).

Moreover, because the complaint contains no facts about the harm plaintiff alleges, it fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that plaintiff provide a short, plain statement of claim against each defendant named so that those defendants have adequate notice of the claims against them. *Ashcroft v. Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). This complaint contains no facts to enable the defendant to understand the claims against it. In light of the lack of a clear cause of action and supporting factual contentions, I find that plaintiff's complaint must be dismissed.

## Conclusion

For the foregoing reasons, the complaint is dismissed as frivolous. 28 U.S.C. § 1915 (e)(2)(B)(i). Even a liberal reading of the complaint gives no indication that a valid claim may be asserted if leave to amend is granted. Accordingly, leave to amend is not granted. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to enter judgment accordingly, to close the case, and to serve copies of the Memorandum and Order and Judgment upon plaintiff and note service on the docket.

SO ORDERED.   /S/ Judge Kiyo A. Matsumoto

Kiyo A. Matsumoto
United States District Judge

Dated: Brooklyn, New York
       October 4, 2013